**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| **JESSICA MELTON,** | ) | C.A. No.: 4:22-cv-04591-JD-KDW |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **AMENDED COMPLAINT** |
| | ) | **(Jury Trial Requested)** |
| **TOWN OF SURFSIDE BEACH and** | ) | |
| **JOHN GAMBONE,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

The Plaintiff, Jessica Melton, complaining of the Defendants, would respectfully show unto this Honorable Court as follows:

### PARTIES and JURISDICTION

1. The Plaintiff, Jessica Melton, is a resident of Horry County, South Carolina.

2. Defendant Town of Surfside Beach is a political subdivision of the State of South Carolina, existing under the laws of the State of South Carolina (as defined by Section 15-78-10 of the Code of Laws of South Carolina (1985), as amended). At all times hereinafter mentioned in this Complaint, this Defendant operated and controlled the Surfside Beach Police Department and acted and carried on its business by and through its agents, servants, and/or employees who were operating within the scope of their officially assigned and/or compensated duties. During the relevant time period, Defendant Town of Surfside Beach employed Sgt. John Gambone.

3. Upon information and belief, Sgt. John Gambone is a resident of South Carolina and was an agent, servant and/or employee of Defendant Town of Surfside Beach d/b/a Surfside Beach Police Department during the time period set forth in this complaint. For purposes of this action, Defendant Gambone is being sued in his individual capacity under the color of state law.

1

4.     Plaintiff has initiated this lawsuit in Horry County as the most substantial part of the alleged acts and omissions giving rise to the causes of action took place in Horry County, South Carolina.

## FACTUAL ALLEGATIONS

5.     On August 8, 2021, Plaintiff Jessica Melton was riding as a passenger in a vehicle owned by her when Sgt. John Gambone of the Surfside Police Department activated his blue lights.

6.     Shortly after Ms. Melton's vehicle was pulled over, Sgt. Gambone informed Ms. Melton that she was being arrested in connection with a pending warrant. Upon information and belief, Sgt. Gambone refused to explain what the warrant was for, but instead proceeded to place her in handcuffs.

7.     As Ms. Melton was being placed in handcuffs she repeatedly asked if she could get her prescription medications prior to being arrested and taken to jail for processing. In response to this request, Sgt. Gambone stated that he was "gonna take [her] to the ground and hurt [her]" for "resisting." Sgt. Gambone further threatened that was going to take her "down on the ground face first."

8.     At no time did she pose a risk of flight or of danger to Sgt. Gambone or the public. Nonetheless, while Ms. Melton's hands were behind her back, Sgt. Gambone excessively and violently threw Ms. Melton to the ground, face first, causing her to lose consciousness and suffer from serious, permanent injuries.

9.     The encounter and subsequent assault of Ms. Melton at the hands of Sgt. Gambone were captured on his patrol vehicle's dash camera.[1]

---

[1] A video clip showing the interaction between Sgt. Gambone and Ms. Melton can be accessed at https://www.youtube.com/watch?v=tcCcLFk92cs and is incorporated to this Summons and Complaint by reference.

10. As a result of the violent and excessive attack, Ms. Melton suffered numerous injuries including multiple fractures throughout her face, permanent nerve damage, and other injuries.

11. Additionally, as a direct and proximate result of these acts and omissions, Ms. Melton suffered the following injuries and damages:

   a. A violation of her Constitutional rights under the Fourth, Eighth, and Fourteenth Amendment to the United States Constitution and Article 1 of the South Carolina Constitution to be free from the use of excessive force; and

   b. Physical pain and suffering and emotional trauma and suffering.

### FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT TOWN OF SURFSIDE BEACH
### (Gross Negligence)

12. The Plaintiff repeats, realleges, and incorporates by reference the factual allegations above with the same force and effect as if set forth herein.

13. That despite its duty to use due care and to act in a reasonably prudent manner, the Defendant acted in a negligent, and grossly negligent manner in a number of particulars including but not limited to:

   a. in failing to protect the Plaintiff from harm;

   b. in forcefully and excessively assaulting the Plaintiff without legal justification.

   c. in excessively and unconstitutionally utilizing force against the Plaintiff without legal justification;

   d. in failing to properly train and/or supervise its employees, agents and/or staff (including Defendant Gambone) so as to ensure that the Plaintiff was provided with proper security and safety during an investigative stop and apprehension; or if such training was provided, in failing to properly implement the same;

   e. in failing to implement and follow adequate policies and procedures regarding traffic stops and arrests;

    f.   in failing to act with restraint and as a properly trained officer may reasonably be expected to act under the circumstances; and

    g.   in failing to train, supervise, terminate, dismiss, or discipline officers that have violated policy.

14.    Plaintiff's damages as a result of the above include but are not limited to personal injury, loss of enjoyment of life, deprivation of liberties, mental and emotional distress, depression, worry and anxiety, and medical expenses.

15.    As a direct and proximate result of the actions of the Defendant, Plaintiff sustained injuries and incurred actual and consequential damages which she is entitled to recover against Defendant Town of Surfside Beach.

### FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT GAMBONE
### (Violation of Civil Rights – 42 U.S.C. § 1983 – Excessive Force)

16.    The Plaintiff repeats, realleges, and incorporates by reference the factual allegations above with the same force and effect as if set forth herein.

17.    During the time period in question, Defendant Gambone was acting under the color or pretense of State law, customs, practices, usage as a licensed law enforcement officer, and had certain duties imposed upon him with regard to Plaintiff. Additionally, during the time-period in question, the Defendant was well-aware of the Plaintiff's constitutional right to be free from excessive force.

18.    The above incident and the Plaintiff's resulting injuries were proximately caused by the intentional, reckless, willful, and wanton acts of the Defendant by using unjustified, excessive, objectively unreasonable, and potentially lethal force against the Plaintiff in violation of the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. Such unjustified use of force constitutes excessive force, cruel and unusual punishment, and a violation

of the right to due process guaranteed by the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution.

19. As a direct and proximate result of the Defendant's act of willful, malicious, conscious and deliberate indifference, the Plaintiff suffered deprivations of her rights secured by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

20. Plaintiff's damages as a result of the above include but are not limited to personal injury, deprivation of liberties, extreme mental and emotional distress, depression, worry and anxiety, and medical expenses.

21. As a direct and proximate result of the actions of Defendant Gambone, the Plaintiff is entitled to actual damages, compensatory damages, punitive damages, attorney's fees under 42 U.S.C. § 1988, and all applicable law, and such additional relief as the Court deems just.

WHEREFORE, Plaintiff prays for judgment against Defendant Town of Surfside Beach for ACTUAL and CONSEQUENTIAL DAMAGES. Plaintiff prays for judgment against Defendant Gambone for ACTUAL, CONSEQUENTIAL, AND PUNITIVE DAMAGES, as well as ATTORNEYS' FEES and such additional relief as the Court deems just.

Respectfully submitted,

*s/James B. Moore III*
James B. Moore, III, Fed ID # 10844
Scott C. Evans, Fed ID # 10874
EVANS MOORE, LLC
121 Screven Street
Georgetown, SC  29440
(843) 995-5000
(843) 527-4128 Facsimile
scott@evansmoorelaw.com
james@evansmoorelaw.com

Amy S. Lawrence, Fed ID # 77242

                804 N. Oak Street
                Myrtle Beach, SC  29577
                (843) 839-4111
                (877) 664-9426 Facsimile

                *Attorneys for the Plaintiff*

December 27, 2022
Georgetown, South Carolina